NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2015[*]
Decided February 17, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3107

| | |
|---|---|
| CHAD ANDREW STITES, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-cv-383-wmc |
| DAVID MAHONEY, et al., *Defendants-Appellees*. | William M. Conley, *Chief Judge*. |

**O R D E R**

Chad Stites developed Methicillin-resistant Staphylococcus aureus ("MRSA") while detained at a facility in Dane County, Wisconsin. Stites claims in this suit arising under the Due Process Clause and 42 U.S.C. § 1983 that jail staff were deliberately indifferent in preventing and treating his infection. The district court concluded at summary judgment that Stites had not exhausted his administrative remedies before suing as required by the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a), and dismissed the action without prejudice. We affirm the judgment.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

The relevant facts are undisputed, and we recount them in the light most favorable to Stites, as the opponent of summary judgment. *See Arizanovska v. Wal-Mart Stores, Inc.*, 682 F.3d 698, 702 (7th Cir. 2012). Stites contracted MRSA in March 2006. He showed a nurse what he believed to be a bug bite on his right hand, but the pain and swelling rapidly worsened over the next two days, so another nurse decided to transfer him to a hospital. Stites remained at the hospital for about a week, and a hand surgeon diagnosed MRSA, irrigated the infection, and removed the dead tissue. Stites returned to the lockup with a prescription for an oral antibiotic and instructions to frequently soak his hand in a cleaning solution and then cover it with a dry dressing. The facility's medical staff regularly treated Stites and monitored his progress, but he again tested positive for MRSA that June. Sometime after September 2006, Stites was transferred from Dane County's custody to a state prison, and afterward he tested positive for MRSA four more times from 2007 to 2009.

Before his transfer to state custody, Stites filed three grievances related to his contraction of MRSA. Wisconsin allows county facilities to institute their own grievance procedures. *See* WIS. ADMIN. CODE DOC § 350.26. Dane County's procedures are found in section 607.07 of the county sheriff's Security Services Manual and are included in a handbook given to prisoners. A prisoner must attempt to resolve his complaint informally before submitting a grievance, and if he is dissatisfied with the staff's response, he may appeal to the "Jail Captain."

In Stites's first grievance, he complained that doctors and nurses had not followed the hospital's instructions to clean and wrap his hand. An administrator deemed this grievance "unfounded"—meaning, according to the grievance policy, that the allegation was "false or not factual"—and Stites did not appeal. Two months later, Stites submitted his second grievance complaining about having to wait several hours for a nurse when he had severe stomach and chest pain that caused him to believe he had MRSA again. This time, the grievance was rejected as "not substantiated"—meaning that the allegation was not backed by sufficient evidence—and Stites's appeal was denied. Stites submitted his third grievance a few days later, alleging that one of the doctors was not properly tracking his medical records. This grievance too was deemed "unfounded," and Stites did not appeal.

Stites brought this suit in 2012, long after his transfer from Dane County but while still in state custody. He alleged that the former and current sheriffs, the jail administrator, two deputy sergeants, a doctor, and a nurse all had been deliberately indifferent to his health by failing to develop and enforce effective policies to treat and

prevent the spread of infectious diseases like MRSA. Stites also complained that the defendants had ignored his requests for treatment and misled him about the nature and risk of MRSA. The district court screened the complaint, *see* 28 U.S.C. § 1915A, and allowed Stites to proceed only against the current sheriff, the jail administrator, and the doctor on the policy claim. Stites does not challenge this ruling on appeal.

The defendants moved for summary judgment. They argued that Stites could not establish that he exhausted his administrative remedies because he appealed only the grievance about waiting too long for a nurse, which was not related to his lawsuit about the need for policies to combat MRSA and other infectious diseases. And in any event, the defendants continued, a finder of fact could not reasonably conclude that they had been deliberately indifferent to Stites's medical condition. The district court agreed with the defendants' first contention and, for that reason, dismissed the lawsuit.

On appeal Stites makes several arguments, all of them geared toward trying to excuse his undisputed failure to exhaust. He first asserts that his administrative remedies necessarily were exhausted because he informally discussed his medical treatment with a guard, and also because the sheriff's department paid his hospital bill. But informal discussions are only the first step in the grievance procedure, and the source of payment to the hospital is irrelevant. Stites also contends that the exhaustion requirement fell away because he no longer was incarcerated by the time he amended his complaint to supply the defendants' names (he initially had called two of them John or Jane Doe). All that matters, though, is that he was incarcerated when he *initiated* this lawsuit, which is the relevant point of analysis in applying § 1997e(a). *See Dixon v. Page*, 291 F.3d 485, 488–89 (7th Cir. 2002). Stites further insists that exhaustion was not required because he sought only damages, which the grievance process could not award. That does not matter; the PLRA requires exhaustion "even where the relief sought—monetary damages—cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see Dole v. Chandler*, 438 F.3d 804, 808–09 (7th Cir. 2006). And, finally, Stites asserts that it was unnecessary to include in his grievances details about the alleged deficiencies in the facility's policies. This proposition misses the point; the one grievance that Stites appealed—and thus exhausted—has nothing at all to do with policies concerning the prevention or treatment of infectious diseases.

We have reviewed Stites's remaining contentions, and none has merit. Accordingly, the judgment is AFFIRMED.